UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| KATHLEEN WILLOUGHBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:15-cv-00061-SEB-DML |
| | ) | |
| PRI-PAK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on Defendant Pri-Pak, Inc.'s Motion for Summary Judgment [Docket No. 25], filed on May 27, 2016. For the reasons detailed below, Defendant's motion is <u>GRANTED</u>.

**Background[1]**

Pri-Pak, Inc., is an Indiana corporation that provides beverage bottling, packaging, warehouse, and warehouse distribution services. Plaintiff Kathleen Willoughby began working for Pri-Pak in March 2001. At the commencement of her employment with Pri-Pak, Willoughby received, read, and signed an employee handbook containing company policies, with which she agreed to comply. The handbook delineates several "Specific

---

[1] The facts below are taken largely from Defendant Pri-Pak's "Statement of Material Facts Not in Dispute," filed pursuant to the Court's Local Rules on May 27, 2016. See Dkt. 26. Though Plaintiff submitted a letter to the Court on June 28, 2016, she has not disputed these facts as they were presented by Defendant.

Work Rules" which "are regarded as serious in nature and will normally result in immediate suspension pending discharge of employment." Def.'s Ex. 2 at 20. The list of Specific Work Rules includes, *inter alia*, "Theft or dishonesty" and "Falsification of company records, including but not limited to, punch cards and time cards." *Id.*

Willoughby's employment with Pri-Pak apparently proceeded without incident or interruption until August 2, 2009, when Willoughby was involved in a non-work-related motorcycle accident resulting in the amputation of her left leg. Following the accident, Willoughby was unable to return to work for nearly two years, until July 4, 2011, at which time she assumed her duties and functions, which she was able to perform without limitation or required accommodation.

Slightly more than a year after her return, on August 29, 2012, Willoughby was observed standing idly near the company's time clock for seventeen minutes before eventually "punching out." In response to this incident, Willoughby received a training session regarding the company's time-card policies and was required to modify her "punch out" time to accurately reflect her completion of work time. She apparently did not dispute or challenge this sanction or the need for it.

In July of the following year, Willoughby was transferred from the third shift to the second shift. After being moved to the earlier shift, Willoughby regularly arrived at work early, often reporting and clocking in more than ten minutes before her shift was scheduled to begin. On October 1, 2013, Willoughby received a verbal warning and a "write-up" for her practice of clocking in more than ten minutes prior to her shift

beginning. Def.'s Ex. 10. In response to the discipline, Willoughby admitted that she had been clocking in early, but disputed the need for a "write-up" in addition to her verbal warning; however, she did not file any formal grievance with Pri-Pak to dispute these relatively minor disciplinary actions.

On August 25, 2014, Willoughby was suspended by Pri-Pak pending a discharge determination. The Disciplinary Report provided as follows:

> **Description of the Incident**:
>
> Over the course of 5 scheduled work weeks, Kathy Willoughby was caught on camera stealing 6 hours and 5 minutes of company time. During this time, Kathy punched in at the employee time clock and proceeded to the break room prior to actually going to her work station as required or reporting to her supervisor for assignment. Per Handbook, under 7.3 Specific Work Rules, it was noted that theft will normally result in termination of employment. Kathy will receive a 5 day suspension pending the results of the investigation and possible subsequent termination.
>
> **Employee's Remarks:**
>
> I would like to keep my job and dock me the 6 hrs 5 min pay out of my check.

Def.'s Ex. 13 at 60. A meeting was scheduled for September 2, 2014, and on September 9, 2014, Pri-Pak terminated Willoughby, stating in the subsequent Disciplinary Report that:

> [Willoughby] was made aware of the seriousness of the violation of specific work rules when she received and signed for her employee handbook on 06/27/2002. Under 7.3 Specific Work Rules, it was noted that, theft will normally result in

> termination of employment. Due to the seriousness of this infraction, [Willoughby] will be terminated from Pri-Pak.

Def.'s Ex. 13 at 58.

Willoughby has testified that she understood Pri-Pak's purpose for disciplining her and has admitted to stealing company time. Willoughby Dep. at 59:18–60:1. Nonetheless, she filed a grievance under her union's collective bargaining agreement, which was eventually withdrawn by the union for lack of merit. See Def.'s Ex. 15. Thereafter, Willoughby filed a claim for unemployment benefits with the Indiana Department of Workforce Development, which was also dismissed "due to a violation of the employer's policy [that] was known, reasonable, and uniformly enforced." Defs.' Ex 16 at 50. In her appeal of the discharge, Willoughby again admitted that she had stolen company time and that she knew that time theft was a violation of company rules. Willoughby Dep. 60:2–18.

Having struck out on her prior challenges to her termination, on February 19, 2015, Willoughby filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") claiming that she was unlawfully terminated by Pri-Pak because of her alleged disability. Def.'s Ex. 19. For the first time, Willoughby claimed that two non-disabled Pri-Pak employees, who were also caught stealing company time, were not terminated. *Id.* Following its investigation, the EEOC dismissed Willoughby's charge because it was unable to conclude that the information it had obtained established a violation of the Americans with Disabilities Act ("ADA"). Def.'s Ex. 22. Willoughby

was issued a right to sue notice on March 17, 2015. *Id.* On May 18, 2015, Willoughby filed her *pro se* Complaint in this action against Defendant Pri-Pak, alleging that the company had wrongfully terminated her employment in violation of the ADA. Dkt. 1. On May 27, 2016, Defendant Pri-Pak moved for summary judgment on Plaintiff's claims. Dkt. 25. We have this motion before us here for resolution.

**Legal Standard**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.* at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Illinois, Inc.,* 209 F.3d 687, 692 (7th Cir.2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

5

demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. *Id.* at 325. A failure to prove one essential element "necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323.

## Discussion

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To prove a claim of discriminatory discharge under the ADA, a Plaintiff must show that she (1) was disabled within the meaning of the ADA, (2) was qualified to perform the essential job functions of the job with or without accommodation, and (3) was terminated because of her disability. *Dickerson v. Bd. of Trustees of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 600 (7th Cir. 2011).

For purposes of its motion for summary judgment, Defendant Pri-Pak has not disputed either of the first two elements. Pri-Pak contends instead that Willoughby's claim fails because she lacks evidence to establish that her termination was the result of her disability. Pri-Pak has put forth an array of evidence to show that Willoughby's employment was terminated, not because of her disability, but because of her violations of the Specific Work Rules, of which she not only had notice based on the company's

employee handbook, but which she acknowledged on prior occasions in discussions with her supervisors. Her violations are detailed in the Disciplinary Reports attached to the motion, including information as to her history of time theft and falsification of company time cards. See Def.'s Ex. 13 at 58–60. Moreover, as Pri-Pak points out, Willoughby has repeatedly admitted to having committed these violations. Willoughby Dep. at 59:18–60:18.

Once a moving party has shown that it is entitled to summary judgment based on its version of the facts, the nonmoving party must respond by setting forth specific facts that show that a genuine dispute exists which requires a trial. *See* Fed.R.Civ.P. 56(e); *Becker v. Tenenbaum–Hill Assoc., Inc.,* 914 F.2d 107, 110 (7th Cir. 1990). Indeed, where the nonmoving party bears the burden of proof on an issue at trial, summary judgment must be entered if that party fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex,* 477 U.S. at 322.

There are multiple methods of proof available to a plaintiff seeking to prevail on a claim of discrimination, all of which culminate in the central question: "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's [disability] caused the discharge...." *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).

Here, Plaintiff's efforts to make any such showing have fallen well short of the mark. In responding to Defendant's motion for summary judgment, Willoughby has expressed her frustration and disagreement with the decision to terminate her for

violating the Specific Work Rules. She contends that, contrary to her supervisors' assessments, she was clearly working on "paperwork" (as opposed to Crossword Puzzles) in the break room prior to beginning her shifts. See Dkt. 29. In addition, she contends that pursuant to her union's collective bargaining agreement, she was entitled to a one-day suspension followed by a three-day suspension prior to receiving a five-day suspension, all of which precede her being subject to a termination. *Id.*

Whether Pri-Pak misjudged her record and prematurely subjected her to termination as punishment for her violation(s) is irrelevant to the issues before us in the absence of some evidence that Pri-Pak's decision was based on her physical disability. As the Seventh Circuit has often ruled, courts "do not sit as a kind of 'super-personnel department' weighing the prudence of employment decisions made by firms charged with employment discrimination." *Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 976 (7th Cir. 2000) (quoting *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410 (7th Cir.1997)). In a disability discrimination case under the ADA, the only issue before the Court is whether Pri-Pak's explanation that Willoughby was discharged for stealing company time was an honest statement of its reason(s) or whether that decision was simply a pretext for its underlying discriminatory motivations. Willoughby has failed to provide any evidence contradicting Pri-Pak's honest belief she had violated the company's Specific Work Rules. Pri-Pak is thus entitled summary judgment on Willoughby's claims. *Celotex,* 477 U.S. at 322.

**Conclusion**

For the reasons detailed above, Defendant's Motion for Summary Judgment [Docket No. 25] is hereby <u>GRANTED</u>. Final Judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 1/27/2017

*signature*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KATHLEEN WILLOUGHBY
505 1/2 3rd Street
Apt. G
Aurora, IN 47001

David L. Swider
BOSE MCKINNEY & EVANS, LLP
dswider@boselaw.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP
pzimmerly@boselaw.com